48 So.2d 792

### MURPHREE v. NAIL.

6 Div. 876.

Supreme Court of Alabama.

Nov. 16, 1950.

Mitchell & Galin, of Cullman, for appellant.

Kilpatrick & Entrekin, of Cullman, for appellee.

LIVINGSTON, Justice.

Suit in equity to establish the boundary line between lands of coterminous owners, and for damages for cutting trees.

In the year 1942, complainant, Dock R. Nail, and respondent, W. T. Murphree, purchased four hundred and twenty acres of land, more or less, from one W. A. Sheats. In accordance with an agreement of the parties, Sheats executed and delivered to Nail a deed conveying two hundred and fifty-one acres of land, more or less, describing it, and executed and delivered to Murphree a deed conveying one hundred and sixty-nine acres, more or less, describing it.

The four hundred and twenty acres constitute all of the west half of section 14, and the northeast quarter of the southeast quarter, and the southeast quarter of the northeast quarter, and twenty acres, more or less, in the northeast quarter of the northeast quarter of section 15, all in township 9, range 5 west, in Cullman County, Alabama. The twenty acres, last above mentioned, is the southeast half of the northeast quarter of the northeast quarter of said section 15; that is to say, that part of the northeast quarter of the northeast quarter, lying south and east of a line drawn diagonally across said forty acres from the northeast corner to a point three hundred and five feet north of the southwest corner thereof. It is not disputed that said twenty acres is bounded on the northwest by the Jones Chapel and the Hartselle public road and, in fact, contains twenty-two and eight-tenths acres.

Murphree's deed describes all of that part of the four hundred and twenty acres lying north and east of a line drawn as follows, beginning at the southeast corner of the northeast quarter of the southwest quarter of section 14, run thence in a straight line northwest to the northwest corner of the southwest quarter of the northwest quarter of said section 14; and that half of the northeast quarter of the northeast quarter lying east and north of a line drawn from the southeast corner of the northeast quarter of the northeast quarter to the Jones Chapel and Hartselle public road, which divides said twenty-two and eight-tenths acres of land equally. The deed from Sheats to Nail describes the balance of said four hundred and twenty acres, and one acre, more or less, in the southeast corner of the northwest quarter of the northeast quarter of said section 15. For clarity, a map of sketch of sections 14 and 15, not drawn to scales, is here inserted, designating the lands owned by each party with the initial of his last name.

482

The evidence, taken by depositions of the witnesses, discloses in substance that in March 1946 Nail and Murphree apparently not knowing the true dividing line separating their properties engaged the services of a reputable and licensed engineer, one Carol C. Smith, to make a survey for the purpose of locating said line, each to bear one-half of the expense of the survey. Smith's survey resulted as indicated by the above map or plat.

There is some conflict in the evidence as to whether the parties agreed to be bound by the Smith survey. The trial court found that they did so agree. But, be that as it may, Smith's testimony together with the maps or plats showing his survey is admissible for the purpose of establishing a judicial boundary line between the lands of the coterminous owners.

The principal argument made here is that the Smith survey is incorrect, in that an erroneous starting point was used in making it. The point used was marked by a stone with a surveyor's mark, or cross on top, set in the ground at the southwest corner of section 14, and the southeast corner of section 15. From the evidence, we are convinced that the parties agreed to use this stone as the proper location of the southwest corner of section 14, and the southeast corner of section 15, and as a proper starting point. From this point a line was run due north to an agreed point marking the northwest corner of section 14, and the northeast corner of section 15. This agreed point was located in the Jones Chapel–Hartselle public road. Smith and Thomas Reeder Banks, Smith's engineer, who actually ran the lines marking the survey, both testified as to the correctness of the survey. We are not convinced that it was erroneously made.

No argument is made in brief relative to the assessment of damages against respondent for cutting trees on the lands of complainant.

The trial court in its decree in effect adopted the survey of Smith and established the true boundary line between the lands of the coterminous owners in accordance with that survey. We find no error in the decree.

. Affirmed.

BROWN, LAWSON and SIMPSON, JJ., concur.